# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**BILLY MACK NICHOLS, JR.**  **PLAINTIFF**
**ADC #092713**

V.  No. 2:25-cv-00094-BSM-ERE

**RIVERS,** *et al*.  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.  Discussion:**

On May 19, 2025, *pro se* plaintiff Billy Mack Nichols, Jr., an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, and moved for leave to proceed in forma pauperis (IFP). *Docs. 1, 2*. On May 21, 2025, I denied Mr. Nichols' motion for leave to proceed IFP because he is a "three-

striker."[1] *Doc. 3*. As a result, he can proceed with this case without paying the filing fee *only* if he is currently in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Nichols' complaint alleges that that ADC officials have failed to provide him prosthetic devices to assist him in walking and have retaliated against him. However, based on the allegations contained in Mr. Nichols' complaint, he has a script for a wheelchair. I previously determined that these alleged facts are not sufficient to show that he is imminent danger of serious physical injury, and I provided Mr. Nichols thirty days to pay the statutory filing fee. *Doc. 3*.

To date, Mr. Nichols has not paid the statutory filing fee, and the deadline to do so has passed. *Doc. 3*. In addition, Mr. Nichols' mail from the Court has been returned as "undeliverable" with the notation "refused." *Docs. 4, 5*. Therefore, it appears that Mr. Nichols either no longer intends to proceed with this lawsuit, has failed to provide a current address, or both.

---

[1] The following dismissals should be considered "strikes" for purposes of 28 U.S.C. § 1915(g): *Nichols v. Harrelson, et al.*, No. 4:99-cv-00388-SWW (E.D. Ark. Aug. 23, 1999) (dismissal for failure to state a claim); *Nichols v. Simpson, et al.*, No. 4:99-cv-00743-GTE (E.D. Ark. Feb. 1, 2000) (same); *Nichols v. Sallings, et al.*, No. 4:99-cv-00785-HW (E.D. Ark. Nov. 1, 1999) (same); and *Nichols v. Harrelson, et al.*, No. 4:00-cv-00106-JM (E.D. Ark. April 13, 2000) (same).

## III. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Nichols' claims be DISMISSED, without prejudice, based on his failure to: (1) comply with the Court's May 21, 2025 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

2. The Clerk be instructed to close this case.

Dated 26 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE